UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

**ORDER**

- against -                                      18 Cr. 515 (NSR)

CARLOS MINIER

Defendant.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/1/2022__

NELSON S. ROMÁN, United States District Judge:

On March 21, 2019, Defendant Carlos Minier ("Defendant") pled guilty to conspiring to distribute or possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(b)(1)(A).

Defendant had previously been sentenced by a state court to "time served," 11 months in total, for related state narcotics charges. (ECF No. 18 at ¶ 35.) In its pre-sentence report, the Probation Office observed that Defendant's prior imprisonment for state narcotics charges "may warrant departure" from the guidelines sentence. (*Id.* at ¶ 107.) The Probation Office calculated Defendant's total offense level as 29 with a Category II criminal history. (*Id.* at 22.) As a result, the guidelines sentence for the applicable offense level and criminal history was 97 to 121 months. (*Id.*) The Probation Office then applied a two-level variance pursuant to 18 U.S.C. § 3553(a),[1] reducing Defendant's offense level to 27 and the guidelines sentence to 78 to 97 months. (*Id.* at 24.) The Probation Office then departed from the guidelines sentence on the basis of Defendant's time served in state prison and recommended a 67 month sentence. (*Id.*)

At Defendant's sentencing hearing on September 11, 2019, this Court stated the following:

> Taking into account the nature and circumstances of the offense, and the history and characteristics of the defendant, and considering all of the factors listed in 18 U.S.C. Section 3553(a), this Court finds that a sentence of 67 months, less credit for a state court detention, to be followed by a term of three years of supervised release, is reasonable and appropriate and that such punishment is sufficient, but not greater than necessary to promote the proper objectives of sentencing.

> (Tr. at 24:3–11.)

This Court then issued the following judgment:

> The Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Sixty-Seven (67) Months with credit for Eleven (11) Months while in State custody for relevant conduct.

> (ECF No. 21 at 2.)

Now, upon Defendant's Motion (ECF No. 22), and with the Government's consent (*see* ECF No. 24), this Court hereby clarifies that it intended for Defendant to be committed to the custody of the Federal Bureau of Prisons for a total term of Fifty-Six (56) Months, which includes Sixty-Seven (67) Months less credit for Eleven (11) Months served while in State custody for relevant conduct.[2]  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

SO ORDERED:

Dated:       December 1, 2022
             White Plains, New York

_____
    NELSON S. ROMÁN
   United States District Judge

---

[1] The Probation Office applied the variance because Defendant was a newly-eligible safety valve defendant under U.S.C. § 3553(f) who did not otherwise meet the current criteria in U.S.S.G. § 5C1.2 for a two-level reduction under U.S.S.G. § 2D1.1(b)(18).  (ECF No. 18 at 24.)

[2] As stated at Defendant's sentencing hearing, this Court accounted for the nature and circumstances of the offense, and the history and characteristics of the Defendant, and considering all of the factors listed in 18 U.S.C. § 3553(a), this Court found that a total sentence of fifty-six (56) months was reasonable and appropriate and that such punishment was sufficient, but not greater than necessary to promote the proper objectives of sentencing.